1  JACK S. SHOLKOFF, CA Bar No. 145097
   jack.sholkoff@ogletree.com
2  CARMEN M. AGUADO, CA Bar No. 291941
3  carmen.aguado@ogletree.com
   STACEY M. SHIM, CA Bar No. 305911
4  stacey.shim@ogletree.com
   OGLETREE, DEAKINS, NASH,
5  SMOAK & STEWART, P.C.
6  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
7  Telephone:  213-239-9800
   Facsimile:   213-239-9045
8
   Attorneys for Defendant
9  C.H. ROBINSON COMPANY, INC.

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| ELIZABETH WOOD, on behalf of herself and all others similarly situated, | Case No. 3:25-cv-294 |
| Plaintiff, | **DEFENDANT C.H. ROBINSON COMPANY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| C.H. ROBINSON COMPANY, INC, a Minnesota Corporation; and DOES 1-50, inclusive, | [Filed concurrently with Civil Cover Sheet; Notice of Pendency of Other Action or Proceeding; Certification of Conflicts and Interested Entities or Persons; Declaration of Ariel Kumpinksy in Support of Removal; Declaration of Stacey M. Shim in Support of Removal; and Declaration of Chris Gerst in Support of Removal] |
| Defendants. | |
| | Complaint Filed:   November 27, 2024 |

1  **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

2  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF ELIZABETH WOOD**

3  **AND HER ATTORNEYS OF RECORD:**

4  PLEASE TAKE NOTICE THAT defendant C.H. Robinson Company, Inc.

5  ("Defendant"), by and through the undersigned counsel, hereby removes to the

6  United States District Court for the Northern District of California, the above-

7  entitled action from the Superior Court of the State of California for the County of

8  Contra Costa, originally filed as Case No. C24-03249 pursuant to the Class Action

9  Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441(b), 1446, and 1453 because

10  (1) Plaintiff and other members of the putative class are citizens of a State different

11  from any defendant; (2) the number of members of all proposed plaintiff classes in

12  the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value

13  of $5,000,000 exclusive of interest and costs. In support of such removal, Defendant

14  states as follows[1]:

15  **I.      PROCEDURAL BACKGROUND**

16  1.      On November 27, 2024, Plaintiff Elizabeth Wood ("Plaintiff") filed a

17  putative Class Action Complaint in the Superior Court of the State of California for

18  the County of Contra Costa, entitled, "*Elizabeth Wood, on behalf of herself and all*

19  *others similarly situated, Plaintiff vs. C.H. Robinson Company, Inc, a Minnesota*

20  *Corporation; and DOES 1-50, inclusive, Defendants,*" Case No. C24-03249. (*See*

21  Decl.of Stacey M. Shim ("Shim Decl."), ¶ 2, Ex. A [Compl.[2]].)

22  2.      The Complaint alleges the following causes of action: (1) failure to pay

23  all overtime wages; (2) meal period violations; (3) rest period violations; (4) failure

24  to pay all sick time; (5) wage statement violations; (6) failure to reimburse necessary

25

26

27  [1] Defendant denies all of Plaintiff's allegations and denies that class treatment is appropriate for this action. All estimates and calculations supporting the removal of this action are based solely on Plaintiff's allegations as pled in the Complaint. Such estimates and calculations are not admissions that any such amounts—or any amounts—are owed to Plaintiff or the putative class.

28  [2] Hereinafter all references to the Complaint are to Exhibit A.

**DEFENDANT C.H. ROBINSON COMPANY, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

1  business expenses; and (7) unfair competition.  (Shim Decl., ¶ 3, Ex. A.)

2       3.     The summons, civil case cover sheet, and notice of assignment were

3  served on Defendant on December 9, 2024. (Shim Decl., ¶ 4, Ex. B.)

4       4.     Pursuant to 28 U.S.C. § 1446(a), a true and copy of any and all process,

5  pleadings, and orders served upon Defendant are attached as **Exhibits A and B** filed

6  concurrently herewith. This notice of removal is timely pursuant to 28 U.S.C. §

7  1446(b) because Defendant has removed this action within 30 days of being served

8  with the Complaint.

9       5.     Plaintiff has not yet identified any of the fictitious "Doe" defendants

10  referenced in the Complaint, and the citizenship of "Doe" defendant is disregarded

11  for the purposes of removal. *See* 28 U.S.C. § 1441(a); *McCabe v. General Foods*

12  *Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

13  **II.    CLASS ACTION FAIRNESS ACT JURISDICTION**

14      **A.    Basis of Original Jurisdiction.**

15       6.     The Court has original jurisdiction over this action pursuant to the

16  Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). As such, this

17  action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441,

18  1446 and 1453.

19      **B.    Number of Putative Class Members.**

20       7.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if,

21  in addition to the other requirements of § 1332(d), the action involves a putative

22  class of at least 100 persons.

23       8.     Plaintiff alleges this putative class action on behalf of "[a]ll current and

24  former non-exempt employees who work or worked for Defendant in California

25  during the four years immediately preceding the filing of the Complaint through the

26  date of trial." (Compl., ¶ 35).

27       9.     Thus, assuming that the putative class, as defined by Plaintiff's

28  Complaint, comprises all non-exempt employees employed by Defendant in

1  California at any time from November 27, 2020, to the present, the putative class

2  includes at least 564 persons. (Decl. of Ariel Kumpinksy ("Kumpinsky Decl.") ¶ 6.)

3  Although Defendant denies that class treatment is appropriate, Plaintiff's proposed

4  class, if certified, would consist of more than 100 members. Therefore, the CAFA class

5  size requirement is met.

6          **C.     Diversity of the Parties.**

7          10.     To remove under CAFA, the removing party must demonstrate

8  "minimal diversity," *i.e.*, "any member of a class of plaintiffs is a citizen of a State

9  different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A). The minimal diversity

10  requirement of 28 U.S.C. 1332(d) is met in this action because the citizenship of at

11  least one class member is diverse from the citizen of at least one defendant. *Id.* at

12  (d)(2)(A).

13          11.     Citizenship of Plaintiff.  Plaintiff, a putative class member, is a citizen

14  of the State of California. (Compl., ¶ 9).

15          12.     Citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(c), "a

16  corporation shall be deemed to be a citizen of every State and foreign state by which

17  it has been incorporated and of the State or foreign state where it has its principal

18  place of business." The Supreme Court has held that "'principal place of business'

19  [as contained in section 1332(c)] is best read as referring to the place where a

20  corporation's officers direct, control, and coordinate the corporation's activities."

21  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184, 1192 (2010). The Court further

22  clarified that the principal place of business was the place where the corporation

23  "maintains its headquarters – provided that the headquarters is the actual center of

24  direction, control, and coordination." *Id.* A company's principal place of business

25  refers to the corporation's "nerve center, which is normally its headquarters." *Id.* at

26  1192-93.At all times on or after the date this action was filed, C.H. Robinson

27  Company, Inc. has been incorporated under the laws of Delaware and maintained its

28  principal place of business in Minnesota.  (Decl. of Chris Gerst ("Gerst Decl."),

1    ¶ 3.)  Thus, C.H. Robinson Company, Inc. is a citizen of Minnesota and Delaware

2    but not California. Because Plaintiff is a citizen of California, and Defendants are not

3    citizens of California, minimal diversity exists. *See* 28 U.S.C. § 1332(d)(2)(A).

4         **D.    Amount in Controversy**

5         13.    To remove a class action under CAFA, the defendants must establish

6    "by preponderance of the evidence" that the amount in controversy exceeds $5

7    million. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir.

8    2013). This means the removing Defendants must "produce underlying facts

9    showing only that it is *more likely than not* that the amount in controversy exceeds

10   $5,000,000.00, assuming the truth of the allegations plead in the Complaint." *Muniz*

11   *v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007)

12   (emphasis in original). Based on the unsupported, conclusory allegations in the

13   Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million

14   Dollars ($5,000,000), as demonstrated below.

15        14.    In considering the evidence submitted by the removing defendant, the

16   Court must "look beyond the complaint to determine whether the putative class

17   action meets the [amount in controversy] requirements" adding "the potential claims

18   of the absent class members" and attorneys' fees. *See Rodriguez*, 728 F.3d at 981.

19             **(a)    The amount placed in controversy by Plaintiff's First**
                **Cause of Action – Failure to Pay Overtime Wages**
20              **exceeds $2,580,749.**

21        15.    In support of her first cause of action Plaintiff alleges: "Plaintiff and

22   other non-exempt employees worked regular shifts that lasted longer than 8.0 hours

23   in a workday and resulted in non-exempt employees regularly working more than 40

24   hours in a workweek."  (Compl., ¶ 18.)  Plaintiff further alleges that: "Defendant

25   uniformly failed to properly calculate and pay overtime wages at the proper legal rate

26   due to Defendant's failure to include all forms of compensation/remuneration,

27   including, but not limited to, shift pay, non-discretionary bonuses, commissions,

28   stipends, incentives, and all other forms of remuneration in calculating the regular

1 | rate of pay for purposes of overtime compensation." (*Id.*)

2 |      16.    Plaintiff further alleges that the failure to pay overtime wages as alleged

3 | in the First Cause of Action constitutes unfair competition within the meaning of

4 | Business and Professions Code Section 17200. (Compl., ¶ 75.)  The statute of

5 | limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208 ("Any

6 | action to enforce any cause of action pursuant to this chapter shall be commenced

7 | within four years after the cause of action accrued"); *Cortez v. Purolator Air*

8 | *Filtration Products Co.*, 23 Cal.4th 163, 178-179 (2000) (the four-year statute of

9 | limitations applies to any UCL claim, notwithstanding that the underlying claims

10 | have shorter statutes of limitation).

11 |      17.    Based on a review of Defendant's business records, putative class

12 | members worked approximately 59,389 work weeks during the time period

13 | November 27, 2020, to April 13, 2024 and received an average base hourly rate of

14 | $28.97. (Kumpinskly Decl. ¶ 6).

15 |      18.    Assuming, *arguendo*, the truth of Plaintiff's allegations, putative class

16 | members are entitled to recover at least $2,581,639 for unpaid overtime wages,

17 | assuming a conservative assumption of one hour of unpaid overtime wages per

18 | workweek: $28.97 (average base hourly rate for putative class members during the

19 | four-year period) x 1.5 (overtime multiplier) x 1 (hour of unpaid overtime per

20 | workweek) x 59,389 (workweeks) = **$2,580,749**. *See Soto v. Grief Packaging, LLC,*

21 | 2018 WL 1224425, *3 (C.D. Cal. Mar. 8, 2018)(finding it reasonable to assume one

22 | hour of unpaid wages per employee per workweek where plaintiff alleged that

23 | defendant failed to pay him and the class members for all hours worked on a

24 | consistent and regular basis); *Reyes v. Carehouse Healthcare Center, LLC,* 2017 WL

25 | 2869499, *4 (C.D. Cal. July 5, 2017) (defendant's estimate of one hour of unpaid

26 | overtime wages per workweek was reasonable where plaintiff alleged that

27 | defendants engaged in a "regular practice of willfully, unfairly and unlawfully

28 | depriving plaintiff and the class members of compensation.).

Case No. _____
DEFENDANT C.H. ROBINSON COMPANY, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1

2

        **(b)**      **The amount placed in controversy by Plaintiff's Second and Third Causes of Action – Failure to Provide Meal and Rest Periods exceeds $3,440,998.**

3        19.    In support of her second cause of action Plaintiff alleges: "Plaintiff and

4 other non-exempt employees were denied compliant and timely 30-minute off-duty

5 meal periods as mandated by California law.  Due to Defendant's uniform meal

6 period policies/practices, operational requirements, and work demands, Plaintiff and

7 other non-exempt employees often could not take timely and uninterrupted net 30-

8 minute first meal periods before the end of the fifth hour of work."  (Compl., ¶ 25.)

9 Plaintiff further alleges "when Plaintiff and other non-exempt employees worked

10 more than 10.0 hours in a shift, they were not always allowed and permitted to take a

11 mandated second meal period before the end of the tenth hour of work in violation of

12 the Labor Code and applicable Wage orders. (*Id*.)   Plaintiff concludes by alleging:

13 "In addition, for each missed or non-compliant meal period, Defendant failed and

14 continues to fail to maintain a mechanism by which non-exempt employees were

15 paid meal period premiums at the "regular rate of pay" pursuant to *Ferra v. Loews*

16 *Hollywood Hotel, LLC* (2021) and Labor Code § 226.7.  (*Id*., ¶ 26.)

17        20.    In support of her third cause of action Plaintiff alleges: "Plaintiff and

18 other non-exempt employees were not provided with all 10-minute rest periods for

19 every four hours worked, or a major fraction thereof, due to Defendant's uniform rest

20 period policies/practices, operational requirements, and work demands." (Compl., ¶

21 28.)   Plaintiff also alleges that: "As a result, Plaintiff and other non-exempt

22 employees were and are often unable to take a net 10-minute duty-free rest period for

23 every major fraction of four hours worked.  This includes a second rest period for

24 shifts in excess of six hours and a third rest period for shifts in excess of 10.0 hours

25 in a workday."  (*Id*.)   Plaintiff concludes by alleging that: "Each time non-exempt

26 employees could not take a compliant rest period, Defendant failed and continues to

27 fail to adequately pay rest period premium payments at the "regular rate of pay" as

28 required by Labor Code § 226.7.  (*Id*., ¶ 29.)

DEFENDANT C.H. ROBINSON COMPANY, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    21.    Plaintiff further alleges that the failure to provide meal and rest periods

2    alleged in the Second and Third Causes of Action constitutes unfair competition

3    within the meaning of Business and Professions Code Section 17200. (Compl., ¶ 75.)

4    22.    Under California law, employees who miss meal and rest periods are

5    entitled to an additional hour of pay for each day that a meal or a rest period is

6    missed. Cal. Lab. Code § 226.7(c). "[T]he statute [permits] up to two premium

7    payments per workday—one for failure to provide one or more meal periods, and

8    another for failure to provide one or more rest periods." United Parcel Serv. Wage &

9    Hour Cases, 196 Cal. App. 4th 57, 69 (2011). This additional pay is properly

10    considered in determining the amount in controversy. See, e.g., Al-Najjar v. Kindred

11    Healthcare Operating, Inc., 2017 WL 4862067, at *4 (C.D. Cal. Oct. 26, 2017). As

12    mentioned above, because Plaintiff alleges that the failure to pay meal and rest break

13    premiums constitutes unfair competition within the meaning of Section 17200, the

14    applicable statute of limitations for the meal and rest break violation claims is four

15    years. Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action

16    pursuant to this chapter shall be commenced within four years after the cause of

17    action accrued"); Cortez v. Purolator Air Filtration Products Co., 23 Cal.4th 163,

18    178-179 (2000) (the four-year statute of limitations applies to any UCL claim,

19    notwithstanding that the underlying claims have shorter statutes of limitation).

20    23.    When determining the amount placed in controversy by a plaintiff's

21    meal period allegations, like those alleged by Plaintiff in the Complaint, an estimate

22    of a 20% meal period violation rate is both reasonable and conservative. See e.g.,

23    Chavez, 2019 WL 1501576, at *3 ("Courts in this Circuit, including in this District,

24    have frequently upheld at least a 20% violation rate for purposes of CAFA amount in

25    controversy calculations where the plaintiff does not specify the frequency of the

26    alleged missed meal or rest periods; collecting cases); Phoung v. Winco Holdings,

27    Inc., No. 2:21-CV-2033-MCE-JDP, 2022 WL 3636369, at *5 (E.D. Cal. Aug. 23,

28    2022) (denying remand; "the inclusion of language like "from time to time" and

1    "often" further support defendant's "assumption of one missed meal break and one

2    missed rest break per week to be reasonable"); *Oda v. Gucci Am., Inc.*, Nos. 2:14-

3    CV-7468-SVW (JPRx), 2:14-CV-07469-SVW (JPRx), 2015 WL 93335, at *5 (C.D.

4    Cal. Jan. 7, 2015) (finding defendant's assumption of a 50% violation rate reasonable

5    where plaintiff's complaint alleged that defendant maintained a policy or practice of

6    not paying meal or rest premiums, that class members sometimes did not receive all

7    of their meal periods and that not all rest periods were given timely); *Cavada v.*

8    *Inter-Cont'l Hotels Grp., Inc.*, No. 19CV1675-GPC (BLM), 2019 WL 5677846, at

9    *7 (S.D. Cal. Nov. 1, 2019) ("allegations of 'periodically' or 'from time to time'

10   along with broader language of 'pattern and practice' and 'policy and practice'

11   would support a violation rate under 25%"); *Salazar v. PODS Enters., LLC*, Case

12   No. EDCV 19-260-MWF (KKx), 2019 WL 2023726 at *2-3 (C.D. Cal. May 8,

13   2019) (holding that an assumed 20% violation rate was conservative and reasonable

14   where complaint alleged "pattern and practice" of meal and rest break violations that

15   resulted in "occasional" inability to take meal and rest periods).

16       24.    Based on a review of Defendant's business records, putative class

17   members worked approximately 59,389 work weeks during the time period

18   November 27, 2020, to April 13, 2024 and received an average base hourly rate of

19   $28.98. (Kumpinskly Decl. ¶ 6).

20       25.    Assuming, *arguendo*, the truth of Plaintiff's allegations, putative class

21   members are entitled to recover at least $1,720,499 for unpaid meal period premium

22   pay, assuming a conservative twenty percent (20%) violation rate: $28.97 (average

23   base hourly rate for putative class members during the four-year period) x 59,389

24   workweeks x 5 (assumed shifts per workweek over 5 hours) x 20% (assumed

25   violation rate) = **$1,720,499.**

26       26.    Assuming, *arguendo*, the truth of Plaintiff's allegations, putative class

27   members are entitled to recover at least $1,720,499 for unpaid rest period premium

28   pay, assuming a conservative twenty percent (20%) violation rate: $28.97 (average

Case No. _____
DEFENDANT C.H. ROBINSON COMPANY, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1    base hourly rate for putative class members during the four-year period) x 59,389

2    workweeks x 5 (assumed shifts per workweek over 3.5 hours) x 20% (assumed

3    violation rate) = **$1,720,499.**

                           **(c)**        **The amount placed in controversy by Plaintiff's Fifth Cause of Action – Wage Statement Violations exceeds $2,550,500.**

6    27.    In support of her fifth cause of action Plaintiff alleges "As a result of

7    Defendant's failure to pay Plaintiff and other non-exempt employees for all hours

8    they were subject to control of Defendant, including all overtime wages, sick pay

9    wages, Defendant's failure to adequately pay for all overtime/sick pay wages at the

10    appropriate legal rate, and Defendant's failure to pay all meal and rest period

11    premiums at the regular rate of pay, Defendant issued wage statements which failed

12    to identify the gross wages earned accurately, the total hours worked, the net wages

13    earned, and the correct corresponding number of hours worked at each hourly rate, in

14    violation of Labor Code § 226(a)(1,2,5, and 9).  (Compl., ¶ 31.)

15    28.    Plaintiff further alleges: "Labor Code 226.3 provides that "[a]ny

16    employer who violates subdivision (a) of Section 226 shall be subject to a civil

17    penalty in the amount of two hundred fifty dollars ($250) per employee per violation

18    in an initial violation and one thousand dollars ($1,000) per employee for each

19    violation in a subsequent citation, for which the employer fails to provide the

20    employee a wage deduction statement or fails to keep the required in subdivision (a)

21    of Section 226."  (*Id.*, ¶ 32.)

22    29.    The statute of limitations for a claim for wage statement penalties under

23    Labor Code Section 226(e) is one year.  Cal. Civ. Proc. Code § 340(a).

24    30.    Based on a review of Defendant's business records, 294 putative class

25    members received at least one wage statement during the time period November 27,

26    2023, and April 13, 2024 and Defendant issued a total of 2,771 wage statement

27    during this same time period. (Kumpinsky Decl. ¶ 8).

28    31.    Assuming, arguendo, the truth of Plaintiff's allegations, and assuming

1   conservatively that each putative class member suffered one wage statement

2   violation for every pay period, putative class members are entitled to recover at least

3   $2,550,500 in wage statement penalties: (294 employees who received at least one

4   wage statement x $250 initial violation rate) + (2,477 subsequent wage statements x

5   $1,000 subsequent violation rate) = **$2,550,500.** *See, e.g., Altamirano v. Shaw*

6   *Indus., Inc.* C-13-0939 EMC, 2013 WL 2950600, at *11 (N.D. Cal. June 14,

7   2013)(holding that it is reasonable to assume at 100% violation rate in light of

8   plaintiff's allegations about the pervasiveness of the policies that are the subject of

9   the first three causes of action for failure to pay minimum wages, failure to pay

10  overtime wages, and failure to provide meal periods.)

        **(d)**       **The amount placed in controversy by Plaintiff's Sixth Cause of Action – Failure to Reimburse Necessary Business Expenses exceeds $296,945.**

13       32.     In support of her sixth cause of action Plaintiff alleges: "Defendant

14  required Plaintiff and other non-exempt employees to incur necessary expenses for

15  work-related purposes but did not reimburse non-exempt employees adequately for

16  these necessary expenditures in violation of Labor Code §§ 2802-2804.  (Compl., ¶

17  34.)  Plaintiff further alleges: "Defendant uniformly failed to reimburse non-exempt

18  employees for all necessary costs incurred in discharging their duties."  (*Id.*)

19       33.     Plaintiff further alleges that the failure to reimburse necessary business

20  expenses as alleged in the Sixth Cause of Action constitutes unfair competition

21  within the meaning of Business and Professions Code Section 17200. (Compl., ¶ 75.)

22       34.     The statute of limitations for such a claim is four years. Cal. Bus. &

23  Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this

24  chapter shall be commenced within four years after the cause of action accrued");

25  *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-179 (2000) (the

26  four-year statute of limitations applies to any UCL claim, notwithstanding that the

27  underlying claims have shorter statutes of limitation).

28       35.     Based on a review of Defendant's business records, 564 putative class

1  members worked 59,389 workweeks during the relevant time period. (Kumpinsky

2  Decl. ¶ 6).

3      36.    Assuming, arguendo, the truth of Plaintiff's allegations, and assuming

4  conservatively that each putative class member incurred $5.00 in unreimbursed

5  business expenses per workweek, putative class members are entitled to recover at

6  least $296,945 in unreimbursed expenses: $5.00 (unreimbursed expenses per

7  workweek) x 59,389 (workweeks) = **$296,945**. *See, e.g., Vallejo v. Sterigenics U.S.,*

8  *LLC,* No. 320CV01788AJBAHG, 2021 WL 2685348, at *6 (S.D. Cal. June 29, 2021)

9  (approving assumption each employee incurred cell phone expenses of $25 per

10  month, or $300 per year, where plaintiff provided no details regarding the total

11  expenses).

12      **E.    Summary of Amount in Controversy.**

13      37.    Defendant has denied all the material allegations of the Complaint and

14  disputes all liability and Plaintiff's entitlement to any recovery. Given Defendant's

15  denial, as set forth above, the Complaint places in actual controversy more than the

16  required $5 million for purposes of removal under CAFA, even without considering

17  attorney fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

18  (attorneys' fees may properly be included in calculation of the amount of

19  controversy where an underlying statute authorizes an award of attorneys' fees).

| Claim | Amount in Controversy |
|---|---|
| Unpaid Overtime Wages | $2,580,749 |
| Unpaid Meal Premiums | $1,720,499 |
| Unpaid Rest Premiums | $1,720,499 |
| Wage Statement Penalties | $2,550,500 |
| Unreimbursed Business Expenses | $296,945 |
| **Total** | **$8,869,192** |

27      38.    Accordingly, removal of this action under CAFA is proper under

28  Section 1332(d) because the amount placed in controversy by Plaintiff's claims

Case No. _____
DEFENDANT C.H. ROBINSON COMPANY, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1 | exceeds the $5,000,000 jurisdictional threshold.

2 | **III.   COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

3 |     39.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is filed in

4 | the district court of the United State in which the action is pending. The state court

5 | action was pending in the Contra Costa County Superior Court, which is located

6 | within the boundaries of this Court. Thus, venue is proper in this Court. 28 U.S.C. §

7 | 1441(a).

8 |     40.     As required by 28 U.S.C. § 1446(b), Defendant hereby provides this

9 | Court with copies of all process, pleadings and orders received by Defendant in this

10 | action (attached as "**Exhibits A and B**"), Defendant has not received any pleadings,

11 | process or orders besides those attached.

12 |     41.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being

13 | served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the

14 | Superior Court of California for the County of Contra Costa. Notice of compliance

15 | shall be filed promptly afterwards with this Court.

16 |     42.     WHEREFORE, Defendant hereby removes the above-entitled action to

17 | this Court.

DATED:  January 8, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/Stacey M. Shim
        Jack S. Sholkoff
        Carmen M. Aguado
        Stacey M. Shim

Attorneys for Defendant
C.H. ROBINSON COMPANY, INC.

Case No. _____

DEFENDANT C.H. ROBINSON COMPANY, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

87412245.v1-OGLETREE