1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  ELIZABETH WOODS,
            Plaintiff,
    v.
    C.H. ROBINSON COMPANY, INC,
            Defendant.

Case No. 25-cv-00294-SK

**ORDER GRANTING MOTION TO REMAND**

Regarding Docket No. 13

Plaintiff Elizabeth Woods ("Plaintiff"), a former employee of defendant C.H. Robinson Company, Inc. ("Defendant") filed this putative class action seeking relief under California's wage and hour laws. (Dkt. No. 1-1, Ex. A.) This matter comes before the Court upon consideration of Plaintiff's motion to remand. Both parties consented to magistrate judge jurisdiction. (Dkt. Nos. 10, 12.) Having carefully considered the parties' papers, relevant legal authority, and the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS Plaintiff's motion for the reasons set forth below.

**BACKGROUND**

Plaintiff filed this class action in Contra Costa Superior Court on November 27, 2024. (*Id.*) The Complaint asserts seven causes of action: (1) failure to pay all overtime wages in violation of California Labor Code §§ 204, 210, 510, 558, 1194, 1198, (2) failure to provide all meal periods in violation of California Labor Code §§ 226.7, 512, and California Civil Code §§ 3287(b), 3289, (3) failure to provide all rest periods in violation of California Labor Code §§ 226.7, 516 and California Civil Code §§ 3287(b), 3289, (4) failure to pay all sick time in violation of California Labor Code §§ 246, 558, 1192, 1194.2, 1197.1, 1198, 1199, the applicable Wage Orders, and California Code of Civil Procedure § 1021.5, (5) failure to provide accurate itemized wage statements in violation of California Labor Code § 226(a), (6) failure to reimburse necessary

1  business expenses in violation of § 2802(a), and (7) unfair competition in violation of California
2  Business and Professions Code § 17200 *et seq.* (*Id.*) The Complaint did not include an estimate
3  of damages. (*Id.*)

On January 8, 2025, Defendant removed the case to federal court under the Class Action Fairness Act ("CAFA"). (Dkt. No. 1.) In doing so, Defendant argued that Plaintiff's claims for unpaid overtime wages, meal and rest premiums, wage statement penalties, and unreimbursed business expenses place $8,869,192 in controversy. (*Id.* at ¶ 37.)

Defendant's calculation of the amount in controversy ("AIC") relied on analysis conducted by economist Ariel Kumpinsky. (Dkt. No. 1-2.) Kumpinsky reviewed an Excel spreadsheet that contained a list of dates that employees were hired, dates that employees' employment ended, and rates of pay for the hourly employees who worked for Defendant during the period November 27, 2020, through April 13, 2024. (*Id.*) Kumpinsky concluded that the putative class includes at least 564 persons who received an average hourly rate of $28.97. (*Id.* at ¶ 6.) The putative class members worked at least 59,389 workweeks during the period and received 2,771 wage statements. (*Id.* at ¶¶. 7-8.) In addition, Defendant made self-described "conservative assumption[s]" about the violation rate for each claim. (Dkt. No. 1, ¶ 18.) Defendant assumed that each putative class member worked one hour of unpaid overtime per workweek, missed one meal break and one rest break per workweek, suffered one wage statement violation for every pay period, and incurred $5 in unreimbursed business expenses per workweek. (*Id.* at ¶¶ 18, 23, 26, 36.)

On January 30, 2025, Plaintiff moved to remand the action back to state court, arguing that Defendant's calculation of AIC rests on unreasonable assumptions about the rate of violation. (Dkt. No. 13.) Both parties submitted briefing. (Dkt. Nos. 13, 14, 15.) The Court heard oral argument on March 24, 2025. (Dkt. No. 22.)

## ANALYSIS

**A.    The Class Action Fairness Act.**

CAFA gives federal courts jurisdiction over class actions where the proposed class includes at least 100 members, minimal diversity of citizenship exists between any member of a

2

plaintiff class and any defendant, and the total AIC exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2), (5)(B); *Perez v. Rose Hills Co.*, __F.4th__, 2025 WL 811096, at *3 (9th Cir. 2025). The parties do not contest CAFA's jurisdictional requirements of minimum diversity and number of class members; the sole dispute is whether the $5 million AIC requirement is satisfied.

Where, as here, a complaint does not enumerate the claimed damages, the defendant can establish the AIC through "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* ("*Dart*"), 574 U.S. 81, 89 (2014). If the plaintiff contests that allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

When a plaintiff contests the truth of the defendant's allegation—a so-called "factual attack"—"the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). A plaintiff makes a "factual attack" when she makes "a reasoned argument as to why any assumptions on which [the defendant's jurisdictional allegations] are based are not supported by evidence." *Id.* at 700. In sum, while "no antiremoval presumption attends cases invoking CAFA,"[1] *Dart*, 574 U.S. at 89, the defendant bears "the burden of proving by a preponderance of the evidence that its assumptions were reasonable." *Harris*, 980 F.3d at 701.

Although "both sides" must be given the opportunity to submit proof when the plaintiff contests the defendant's AIC allegation, *Dart*, 574 U.S. at 88, the plaintiff is not required to introduce extrinsic evidence or an alternative AIC calculation to contest the defendant's AIC allegation. *Harris*, 980 F.3d at 700 ("[Plaintiff] did not introduce evidence outside the pleadings.

---

[1] Plaintiff cites *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) (per curiam) for the proposition that doubt regarding the right of removal should be resolved in favor of remand. (Dkt. No. 13, pp. 2-3, 8.) *Gaus* did not consider removal under CAFA, and the Supreme Court's decision in *Dart* has since made explicit that "no antiremoval presumption attends cases invoking CAFA," because unlike typical diversity cases, CAFA was "enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 574 U.S. at 89.

3

A factual attack, however, need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence."); *see also Moore v. Dnata US Inflight Catering LLC*, No. 20-CV-08028-JD, 2021 WL 3033577, at *2 (N.D. Cal. July 19, 2021) ("A plaintiff need not introduce extrinsic evidence to contest the defendant's estimates."). Because the burden falls on the defendant to prove by a preponderance of the evidence that the AIC requirement is satisfied, "a plaintiff can secure remand by showing, through argument alone, that the defendant has relied on unsupported, unreasonable assumptions." *Benitez v. Hyatt Corp.*, 722 F. Supp. 3d 1094, 1100 (S.D. Cal. 2024) (citing *Harris*, 980 F.3d at 701).

"In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." *Perez*, 2025 WL 811096, at *1. "What makes an assumption reasonable may depend on which element of the amount-in-controversy calculation is at issue." *Id.* at *3. For example, in a wage-and-hour case, it may make sense to expect a defendant to introduce evidence of the number of employees in the class, as this number "may be most easily determined by examining the defendant's employment records." *Id.* at *3. On the other hand, "it makes little sense to require a CAFA defendant to introduce evidence of the violation rate—really, the *alleged* violation rate—because the defendant likely believes that the real rate is zero and thus that the evidence does not exist." *Id*. "For that reason, a CAFA defendant can most readily ascertain the violation rate by looking at the plaintiff's complaint." *Id.* "[I]f a violation rate cannot be justified by the allegations in the compliant, it must be justified by something else." *Id.* at *4.

If the district court determines that a defendant's assumption "is unreasonable on its face without comparison to a better alternative," such as when "a defendant provided *no* evidence or clearly inadequate evidence supporting its valuation for a claim," the district court may be justified in simply rejecting that assumption without supplying "further assumptions of its own." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994-96 (9th Cir. 2022) (quoting *Harris*, 980 F.3d at 701). When the district court rejects a defendant's assumption because the court prefers an alternative assumption, the court should reduce the claim to the amount resulting from the

4

alternative assumption, rather than reducing the claim value to $0. *Id.*

**B.     Plaintiff's Motion to Remand.**

Defendant estimated an AIC of $8,869,192 based on Plaintiff's claims of failure to pay all overtime wages, failure to provide meal and rest breaks, failure to provide accurate wage statements, and failure to reimburse necessary business expenses. (Dkt. No. 1.) Plaintiff does not challenge Defendant's valuation of the claim for failure to reimburse necessary business expenses but argues that the valuations for the remaining claims are based on unreasonable assumptions. (Dkt. No. 13.)[2] The Court addresses the claims for failure to pay all overtime wages, failure to provide meal and rest breaks, and failure to provide accurate wage statements in turn.

**1.     Overtime Wages.**

Under California law, an employee who receives "less than the . . . legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation" including interest, attorneys' fees and costs. Cal. Lab. Code § 1194(a).

Plaintiff alleges that Defendant "failed to properly calculate and pay overtime wages at the proper legal rate due to Defendant's failure to include all forms of compensation/remuneration, including, but not limited to, shift pay, non-discretionary bonuses, commissions, stipends, incentives, and all other forms of remuneration in calculating the 'regular rate of pay' for purposes of overtime compensation." (Dkt. No. 1-1, Ex. A, ¶ 18.)

Defendant calculates the AIC of Plaintiff's overtime claim by assuming each putative class member worked one hour of unpaid overtime per workweek and multiplying that number by the average base hourly rate ($29.97) and the overtime multiplier (1.5). (Dkt. No. 1, ¶ 18.) Based on this calculation, Defendant estimates that Plaintiff's overtime claim places $2,580,749 in

---

[2] Defendant did not include all possible sources of recovery in its AIC calculation, including valuation of Plaintiff's fourth claim for sick time pay and seventh claim for unfair competition, as well as Plaintiff's demand for attorneys' fees. (*Compare* Dkt. No. 1 *with* Dkt. No. 1-1, Ex. A.) Plaintiff confusingly argues that Defendant's omission of attorneys' fees somehow results in an inflated estimate of attorneys' fees. (Dkt. No. 13, pp. 19-20.) Plaintiff does not renew this argument in her reply brief. (Dkt. No. 15.) As Defendant's AIC calculation does not include attorneys' fees, the Court declines to address Plaintiff's argument on this subject.

5

controversy. (*Id.*)

Defendant's assumption that each putative class member worked one hour of unpaid overtime per workweek is unreasonable. Plaintiff does not allege that class members worked *unpaid* overtime hours. Rather, Plaintiff alleges that class members worked *underpaid* overtime hours because Defendant failed to properly calculate the overtime rate. (Dkt. No. 1-1, Ex. A, ¶ 18.) Defendant conceded this point during oral argument.

The defendant in *Petersen v. Gold Bond Bldg. Prods., LLC*, No. 24-CV-00617-TSH, 2024 WL 3859801 (N.D. Cal. Aug. 16, 2024) made an identical mistake: assuming one full hour of unpaid overtime per employee per workweek when the plaintiff did "not actually allege that any overtime hours were entirely unpaid, but rather that the 'regular rate of pay' used to calculate overtime pay was not properly calculated." *Id.* at *3. The court found the defendant's assumption unreasonable because there was "a fundamental mismatch between the type of overtime violation Plaintiff alleges and the type of violation Defendant presumes exists in its calculation of the amount in controversy." *Id.* at *4.

As in *Peterson*, Defendant's calculation is unreasonable because it is based on a claim that Plaintiff did not bring. The claim Plaintiff did bring—underpayment of overtime wages—rests on the difference between the overtime rates actually paid and the overtime rates that were properly calculated. *See Salazar v. Johnson & Johnson Consumer Inc.*, No. 2:18-CV-05884-SJO-E, 2018 WL 4560683, at *5 (C.D. Cal. Sept. 19, 2018). Because neither party provided information about the range of incentive pay and other forms of renumeration, the Court is not in a position to calculate a better alternative to Defendant's unreasonable assumption. In these circumstances, it is appropriate to assign a value of $0 to the overtime claim. *See Jauregui*, 28 F.4th at 994-96.

**2. Meal and Rest Premiums.**

California Labor Code § 226.7(c) provides that an employee who experiences a meal or rest period violation is entitled to "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest . . . period is not provided." Cal. Lab. Code § 226.7(c).

Plaintiff alleges that class members were often denied legally compliant meal and rest

periods. (Dkt. No. 1-1, Ex. A, ¶¶ 25-30.) Defendant calculates the AIC of Plaintiff's meal and rest claims by assuming that each putative class member was denied one meal period and one rest period per workweek and multiplying that number by the average base hourly rate ($29.97). (Dkt. No. 1, ¶¶ 25-26.) Plaintiff argues that Defendant's calculation is unreasonable because, among other things, Defendant did not offer any evidence to support the assumption that all class members worked long enough shifts to entitle them to meal and rest breaks. (Dkt. No. 13, pp. 13-14, 17.)

The Ninth Circuit's decision in *Harris* is instructive. There, the defendant assumed that every class member missed one meal period and two rest periods per workweek. 980 F.3d at 698. However, the defendant "offered no proof that all of the . . . Class members worked sufficient shifts . . . to qualify them for meal and rest periods." *Id.* at 702. Based on this absence of evidence, the Ninth Circuit concluded that defendant's assumption that all class members were entitled to meal and rest breaks was "factually unsupported and unreasonable." *Id.*

Here, as in *Harris*, Defendant offered no proof that all class members worked qualifying shifts. Such an assumption "cannot be justified by the allegations in the complaint," *Perez*, 2025 WL 811096, at *4, because the Complaint states that class members "worked *various* shifts, many of which were more than 8.0 hours in a workday." (Dkt. No. 1-1, Ex. A, ¶ 17 (emphasis added). The language of the Complaint thus suggests that at least some class members did not work qualifying shifts. *Cf. Saranay Sonny Ballungay v. Ricoh USA, Inc. et al*, No. 2:24-CV-10785-JLS-AGR, 2025 WL 907546 (C.D. Cal. Mar. 24, 2025) (finding that violation rate assumptions were "founded on the allegations of the Complaint" where the complaint included language that "[d]uring all relevant periods, Defendant required Plaintiff and the members of the proposed class to work in excess of 8 hours per day and 40 hours per week.").

As the Complaint does not allege that all class members worked qualifying shifts, Defendant's assumption to that effect must be justified by "something else." *Perez*, 2025 WL 811096, at *4. It makes sense to expect a defendant to introduce evidence of the length of employees' shifts, which can be "easily determined by examining the defendant's employment records" and does not require the defendant to present evidence of "its ultimate liability." *See id.*

7

at *3; *see also e.g., Burgos v. Citibank, N.A.*, No. 23-CV-01907-AMO, 2023 WL 5532123, at *5 (N.D. Cal. Aug. 28, 2023) (distinguishing *Harris* where the defendant presented evidence about the average length of time worked per employee each workday). Here, Defendant offered no such evidence about the length of class members' workdays, such as data about average shift length drawn from a representative sample of employees. In fact, Defendant's notice of removal and accompanying declarations are completely devoid of statements about the length of Defendant's employees' shifts. (Dkt. No. 1.)

Defendant's assumption that all class members worked qualifying shifts is not supported by the language of the Complaint or by any other evidence, and it is therefore unreasonable. Because neither party submitted information about the length of class members' workdays, the Court is not in a position to calculate a better alternative to Defendant's unreasonable assumption, and it is appropriate to assign a value of $0 to the overtime claim. *See Jauregui*, 28 F.4th at 994-96.

### 3. Wage Statement Violations.

Absent the overtime, meal, and rest claims, Defendants' AIC calculation necessarily falls below the $5 million jurisdictional threshold. Defendant estimates that $2,550,500 is the amount in controversy for the claim for failure to provide accurate wage statements and that $296,945 is the amount in controversy for the claim for failure to reimburse expenses. (Dkt. No. 1, ¶¶ 31, 36.) The total of these two claims is $2,847,445. (*Id*.) Because this amount is below $5 million, the Court need not reach the issue of whether Defendant's wage statement claim valuation is supported by a preponderance of the evidence. *See e.g., Siaosi v. TA Operating LLC*, No. EDCV231240JGBSHKX, 2023 WL 5985488, at *8 (C.D. Cal. Sept. 14, 2023); *Peters v. TA Operating LLC*, No. EDCV221831JGBSHKX, 2023 WL 1070350, at *12 (C.D. Cal. Jan. 26, 2023).

### CONCLUSION

For the foregoing reasons, Defendant has not carried its burden of proving, by a preponderance of the evidence, that CAFA's amount-in-controversy requirement is satisfied. Accordingly, the court HEREBY GRANTS Plaintiff's motion to remand the case to Contra Costa

Superior Court. If Defendant later discovers evidence demonstrating that the jurisdictional bar is met, it may once again attempt to remove this case to federal court. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013).

**IT IS SO ORDERED**.

Dated: March 26, 2025


_____
SALLIE KIM
United States Magistrate Judge

9